BAKER v. DUWAMISH MILL CO. (CASUALTY CO. OF AMERICA, Garnishee).

(Circuit Court, W. D. Washington, N. D. November 15, 1906.)

No. 1,393.

REMOVAL OF CAUSES — SUITS REMOVABLE — GARNISHMENT PROCEEDING AFTER JUDGMENT.

A proceeding in garnishment after judgment, under Laws Wash. 1893, p. 95, c. 56 (Pierce's Code, p. 107; Ballinger's Ann. Codes & St. § 5390 et seq.), is a civil suit in which an issue of fact is or may be joined between the plaintiff and garnishee, and is removable by a nonresident garnishee, where the jurisdictional requisites appear, although the parties to the judgment are citizens of the same state. In such proceeding, while the judgment defendant is an indispensable party, his pecuniary interest is with the plaintiff on the issues between him and the garnishee, and he is to be ranged on that side of the controversy for the purposes of removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 21, 22, 80.]

Statutory Proceeding to Collect a Judgment by Garnishment Proceedings. Removed by the garnishee from the state court which rendered the judgment. Motion to remand denied.

Vince H. Faben, for plaintiff.
John P. Hartman, for garnishee.

HANFORD, District Judge. The plaintiff having obtained a judgment for $6,000, and the same being unsatisfied, caused a writ of garnishment to be issued by the state court which rendered the judgment and served upon the Casualty Company of America, a corporation, whereby said corporation was commanded to be and appear before the court within 20 days after the service of the writ, then and there to answer upon oath in what amount, if any, it was indebted to the Duwamish Mill Company, and what effects, if any, of said Duwamish Mill Company it had in its possession or under its control; the purpose being to collect from the casualty company an amount of money supposed to be due to the mill company, in order to apply the same in satisfaction of the plaintiff's judgment against the mill company. This form of proceeding is authorized by the laws of the state. Laws Wash. 1893, p. 95, c. 56; Pierce's Code, p. 107; Ballinger's Ann. Codes & St. § 5390 et seq. The casualty company appeared in response to the writ of garnishment, and filed an answer denying any liability to the mill company on any account whatever, and at the same time filed a petition and bond for removal of the case into this court, on the ground of diversity of citizenship, and the plaintiff has moved to remand the case, alleging that this court is without jurisdiction. In order to determine the questions arising upon the motion to remand, it is necessary for the court to ascertain from the record whether there is a controversy in a civil action wholly between citizens of different states, and with respect to these matters I find as follows:

Subsequent to the entering of the judgment, an affidavit conforming to the requirements of the state law was filed in the state court, alleging, in substance, that the casualty company was indebted to the mill

company, and had in its possession and under its control effects belonging to the mill company, which allegations the casualty company was required by the provisions of the law to answer, and it had the right to deny liability. Therefore an issue was tendered; that is to say, the casualty company was challenged to controvert the ground upon which the writ of garnishment was founded, and by its answer it did bring into the case a controversy not involved in the pleadings, upon which the judgment was rendered. If the casualty company had admitted liability, the court would have been authorized to adjust matters between the parties by compelling the casualty company to apply sufficient of its admitted indebtednes to satisfy the judgment, and such action would have exonerated it, pro tanto, from liability to the mill company, and in that case the proceeding would have been merely analogous to process against the property of the defendant; but, an issue having been joined, a new lawsuit came into being, which had to be litigated and determined, according to the procedure in civil actions. The proceeding under this statute, as it has been construed by the Supreme Court of the state, is in theory the same as if the suit had been instituted by the defendant against the casualty company for the benefit of the plaintiff. State ex rel. Wyman, Partridge & Co. v. Superior Court for Spokane County, 40 Wash. 443, 82 Pac. 875, 2 L. R. A. (N. S.) 568.

The plaintiff and the defendant in the original action are both citizens of the state of Washington, and the casualty company is a corporation organized and existing under the laws of the state of New York. I hold that the defendant in the original action is an indispensable party, but, to ascertain whether the necessary diversity of citizenship exists, the parties must be ranged on opposite sides of the controversy according to their respective interests; and, since the defendant will be benefited, rather than prejudiced, by having its liability to plaintiff discharged by the garnishee, and is deemed to occupy the position of a nominal plaintiff suing for the benefit of its creditor, the interest to be affected requires that both parties to the original action must be placed on one side of the controversy, leaving the garnishee in the place of sole party on the adverse side. In thus arranging the parties, I hold that pecuniary interests are to be considered, rather than any interest which the defendant may possibly have, based only upon mere sentiment, or a hostile inclination to obstruct the plaintiff in proceedings to obtain satisfaction of the judgment awarded to him.

The objection urged to the removal of the case into this court, on the ground that the proceeding is supplemental to the original action, which was not a removable case, does not call for extended discussion. I concur in the reasoning and conclusions set forth in the following paragraph from the opinion by Mr. Justice Daniel, in the case of Tunstall v. Worthington, Fed. Cas. No. 14,239:

"The proceeding of garnishment, as regulated by the statute of Arkansas, is anomalous, being partly legal and partly equitable. But it must be regarded as a civil suit, and not as process of execution to enforce a judgment already rendered. It may be used as a means to obtain satisfaction of a demand, in the same manner as a suit may be resorted to on a judgment of another state, with a view to coerce the payment of such judgment. In this proceeding the

parties have day in court, an issue of fact may be tried by a jury, evidence adduced, judgment rendered, costs adjudged, and execution issued on the judgment. It is in every respect a suit in which the primary object is to obtain judgment against the garnishee, and certainly cannot with any plausibility be treated as process of execution, or as part of the execution process; for, if so, there could be no necessity or propriety in resorting to this forum to investigate the relations of debtor and creditor."

Motion to remand denied.