14 F.2d 688 (1926)
BRUCKER
v.
GEORGIA CASUALTY CO.
RUSSELL
v.
ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, ZURICH, SWITZERLAND.
Nos. 7426, 7418.
District Court, E. D. Missouri. E. D.
March 24, 1926.
Joseph Goodman and James J. O'Donohoe, both of St. Louis, Mo., for plaintiff Brucker.
James J. O'Donohoe, Wilbur C. Schwartz, and N. Murray Edwards, all of St. Louis, Mo., for plaintiff Russell.
Holland, Rutledge & Lashly, of St. Louis, Mo., for defendant Georgia Casualty Co.
M. L. Lichtenstadt and Charles E. Morrow, both of St. Louis, Mo., for defendant Zurich General Accident & Liability Ins. Co.
DAVIS, District Judge.
The following statement is applicable to each of the above-entitled causes:
The plaintiff recovered a judgment for damages for personal injuries as a result of an automobile accident. Execution was issued, and the defendant insurance company summoned as garnishee, on the theory that it had issued a policy of liability insurance to the defendant in the damage suit, covering the automobile involved in the case.
The plaintiff has in one of the cases filed his denial of the garnishee's answer and alleges the issuance of the policy and asserts a liability thereunder. In the other case the denial has not been filed, but it is conceded that it will be of the same nature.
The garnishee caused the case to be removed to this court on the ground of diversity of citizenship as between the plaintiff and the garnishee. The issue now presented arises on plaintiff's motion to remand.
I. The garnishee views the case as an independent action, to all present intents and purposes, within the jurisdiction of this court. To so regard the case, it is necessary to realign the parties, making the defendants in the original action plaintiffs now, as was done in Baker v. Duwamish Mill Co. (C. C.) 149 F. 612, or to disregard them, and treat them as not being parties to the present action.
The plaintiff, on the other hand, takes the position that the garnishment action is merely supplemental to, and a continuance of, the original suit, which was not removable; hence the issue now arising does not make it removable.
II. A garnishment proceeding, provided by the statutes of Missouri, as construed by the courts of the state, is not an independent suit, but is supplemental to the main action and provides one of the means of securing a satisfaction of the judgment. This is the interpretation that the courts of Missouri have placed upon the statute. In Chicago Herald Co. v. Bryan, 195 Mo. 590, 92 S. W. 906, 6 Ann. Cas. 751, it is said that "garnishment under our laws is one of the modes pointed out by the statute by which the execution is executed and is not a new suit. It is an incident or an auxiliary of the judgment and a means of obtaining satisfaction of the same by reaching the defendant's credit or property. As the garnishee must make his answer in the court whence the execution issues, it alone has exclusive control over its process." In Diebold Safe & Lock Co. v. Dunnegan, 135 Mo. App. 135, 115 S. W. 1051, the court held that a change of venue was not allowable in a garnishment proceeding, and that the issue raised in such a proceeding must be heard in the court where the judgment was rendered. All of the Missouri cases seem to be to the same effect. The construction thus given the statutes is not to be ignored in this court.
That a garnishment proceeding is not an independent action but is auxiliary to the original suit may be seen from other considerations. In one of the cases at bar, for instance, the original suit is now pending on appeal in the Supreme Court of Missouri. If on appeal the judgment should be reversed, this fact would determine the issue in the garnishment case that is now in this court. There would be nothing left here to determine if it should be held that the judgment in the original case was without foundation.
This appeal in the main suit was taken *689 without the giving of a bond. Now that the case is pending in the Supreme Court, suppose a bond should be filed and supersedeas granted. How would we then proceed in this case? It is quite apparent that such a situation ought to stay the further progress of this garnishment proceeding.
The same conclusion must be reached when we consider the character of any judgment that the court might render in the garnishment case. If the issue should be determined in favor of the plaintiff and against the defendant, garnishee, the court would only be authorized to enter a judgment against the garnishee to the extent and in the amount of the judgment in the original case, provided it should be found that the garnishee had more money in its hands belonging to the judgment debtors than the amount of the debt. Section 1862, R. S. Mo. 1919. That situation could not arise in this case, but it might arise in a case of this nature.
Suppose we turn to the procedure in such cases. Section 1852, R. S. Mo. 1919, provides that,
"Whenever any property, effects, money or debts, belonging or owing to the defendant, shall be confessed, or found by the court or jury, to be in the hands of the garnishee, he may, at any time before final judgment, discharge himself, by paying or delivering the same, or so much thereof as the court shall order, to the sheriff, from all further liability on account of the property, money or debts so paid or delivered."
How would the garnishee avail itself of the privilege granted it under this statute, should the jurisdiction of the case be found in this court?
If it be said that the cases here are to be litigated, then observe the statute in contested cases. Section 1865, R. S. 1919, provides that:
"If, upon such trial, it shall appear that property, effects or money of the defendant are found in the hands of the garnishee, the court or jury shall find what property or effects, and the value thereof, or what money are in his hands, and unless he discharge himself, as provided in section 1852, by paying over or delivering the same to the sheriff, or unless he shall, within such time as the court shall direct, as provided in section 1853, pay and deliver up such property, effects or money, or shall execute his bond for the payment or delivery thereof, then the court shall enter up judgment against the garnishee for the proper amount or value as found in money, and execution may issue forthwith to enforce such judgment."
From a reading of this section it will be observed that a final judgment cannot be rendered against a garnishee after trial, until the garnishee has been given an opportunity to discharge himself by delivering the property found to be in his hands to the sheriff. In the event of his failure so to do, the judgment would be entered.
How is this procedure to be observed in this court?
These considerations, as well as others, indicate the dependency of the garnishment proceeding, upon the original action, and point to confusion and conflict if the cause is to be partly adjudicated in one court, and partly determined in another. Such a situation is not desirable, and, as we understand the matter, was not contemplated by the removal statute (section 28 of the Judicial Code [Comp. St. § 1010]).
III. The opinion of the Circuit Court in Baker v. Duwamish Mill Co., 149 F. 612, upon which the garnishee relies herein, evidently is to be accounted for by the character of the garnishment proceeding in the state of Washington. The courts of that state have said this about the action:
"A garnishment proceeding is neither more nor less than an action by the defendant against the garnishee for the use of the plaintiff."
See State ex rel. v. Superior Court, 67 Wash. 321, 121 P. 460; State ex rel. v. Wyman, 40 Wash. 443, 82 P. 875, 2 L. R. A. (N. S.) 568, 111 Am. St. Rep. 915, 5 Ann. Cas. 775.
The right of a change of venue is also recognized. State ex rel. v. Superior Court, 40 Wash. 443, 82 P. 875, 2 L. R. A. (N. S.) 568, 111 Am. St. Rep. 915, 5 Ann. Cas. 775.
IV. It seems to us that the Supreme Court of the United States has determined this question in First Nat. Bank v. Turnbull, 16 Wall. 190, 21 L. Ed. 296, where it is said:
"Conceding it to be a suit, and not essentially a motion, we think it was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation. A judgment had been recovered in the original suit, final process was levied upon the property in question to satisfy it, the property was claimed by Turnbull & Co., and this proceeding, authorized by the laws of Virginia, was resorted to to settle the question whether the property ought to be so applied. The contest could not have arisen but for the judgment and execution, and the satisfaction of the former would at once have extinguished the controversy between the parties. The proceeding was necessarily instituted *690 in the court where the judgment was rendered and whence the execution issued. No other court, according to the statute, could have taken jurisdiction. It was provided to enable the court to determine whether its process had, as was claimed, been misapplied, and what right and justice required should be done touching the property in the hands of its officer. It was intended to enable the court, the plaintiff in the original action, and the claimant, to reach the final and proper result by a process at once speedy, informal, and inexpensive. That it was only auxiliary and incidental to the original suit is, we think, too clear to require discussion."
The motion to remand, therefore, will be sustained.