Defendants' motion for summary judgment will be granted.

The JONES STORE CO., INC., Plaintiff,

v.

Leo HAMMONS et al., Defendants,

and

United States Postal Service, Garnishee.

J. C. PENNEY, Plaintiff,

v.

Ronald PARKS, Defendant,

and

United States Postal Service, Garnishee.

Nos. 76 CV 805–W–1, 76 CV 808–W–1.

United States District Court, W. D. Missouri, W. D.

Jan. 19, 1977.

Glen L. Whitaker, Kansas City, Mo., for plaintiff in No. 76 CV 805–W–1.

George E. Murray, Overland Park, Kan., for plaintiff in No. 76 CV 808–W–1.

Bert C. Hurn, U. S. Atty., J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for Garnishee.

No appearance for defendants.

JOHN W. OLIVER, District Judge.

### MEMORANDUM AND ORDER REMANDING CASES TO STATE COURT

#### I.

The United States Attorney's Office has again attempted to remove two ancillary garnishment proceedings from separate Magistrate Courts for Jackson County, Missouri, in which the United States Postal Service is named as garnishee.[1] Case. No. 76 CV 805–W–1 involves an ancillary garnishment proceeding on behalf of the Jones Store Company, which recovered a $470.12 judgment against Leo Hammons, an employee of the Post Office Garage in the First District Magistrate Court for Jackson County, Missouri. The petition for removal shows on its face that, unlike the *Taylor* and *Evans* cases cited in footnote 1, the judgment obtained by the Jones Store Company against the said Leo Hammons was for an obligation "other than child support or maintenance." It is therefore clear that the garnishment involved in that case is completely outside the scope of Public Law 93–647 (January 4, 1975), as claimed in *Taylor* and *Evans*, and that the United States Attorney's Office now claims the right to remove all ancillary garnishment proceedings involving Postal Service employees regardless of the nature of the claim and regardless of the amount of the judgment rendered against the employee in the State Court.

Similar factual circumstances and identical legal contentions are involved in Case No. 76 CV 808–W–1. That case involves the ancillary garnishment proceedings in connection with a $233.87 judgment obtained by the J. C. Penney Company against Ronald Parks, a Postal Service employee, in the Sixth District Magistrate Court for Jackson County, Missouri. We are advised that still other cases pending in other Divi-

---

1. In *Taylor v. Taylor*, No. 75 CV 19–SJ, and *Evans v. Evans*, No. 75 CV 475–W–1, removal of similar proceedings was unsuccessfully attempted under 28 U.S.C. Section 1441(a). In those cases, the United States Attorney's Office alleged that "Public Law 93–647 (January 6 [4], 1975) waives the sovereign immunity of the United States . . . for child support and alimony payments, and gives the United States District Court original jurisdiction in such proceedings." Both cases were remanded as not being properly removable under Section 1441(a).

In *K.C. P.O. Employees Credit Union v. Mitchell; United States Postal Service, Garnishee,* D.C., 421 F.Supp. 1327 and *Star Credit*

*Union v. Feitz; United States Postal Service, Garnishee,* (W.D.Mo. en banc 1976) 421 F.Supp. 1327, decided October 21, 1976, but not yet reported, all judges of this Court stated their unanimous view that ancillary proceedings in which the Postal Service is named as garnishee are not properly removable under Section 1442(a)(1), Title 28, United States Code.

As will be noted in the text, the pending cases reflect the broadest removal claim ever made by the United States Attorney's office in connection with State court proceedings in which the Postal Service is named as a garnishee.

sions of this Court which have been removed on the same ground.

The petitions for removal in both cases which pend in this Division allege in identical language that:

That the United States Postal Service is an agency of the United States and, as a party to this action, removal to the United States District Court for the Western District of Missouri, which court has original jurisdiction of civil actions in which the United States Postal Service is a party, is proper under the provisions of Title 39, United States Code, Section 409(a) and (b), and therefore this removal is timely and proper pursuant to Title 28, United States Code, Section 1441(b).

Plaintiff's motion to remand in No. 76 CV 805–W–1 focused our attention on the obvious jurisdictional question presented by the United States Attorney's Office's most recent effort to remove State court ancillary garnishment proceedings to collect judgments rendered against employees of the Postal Service. Both cases will be remanded for the reasons we now state.

## II.

While the Postal Reorganization Act of 1970 generally provides in Section 409, Title 39, United States Code, that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service," that section also expressly provides that "Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28."

■ Power and jurisdiction to remove the garnishment proceedings involved in the pending cases must therefore be found in Chapter 89 of Title 28, United States Code. For it is clear that the portion of Section 409, Title 39, United States Code, which confers concurrent jurisdiction on both the State and federal courts over actions brought by or against the Postal Service does not create an independent ground of removal.[2]

*Johnson v. Butler Bros.*, (8 Cir. 1947) 162 F.2d 87, presented the question of whether a case properly filed in a State court under a federal statute which vested original jurisdiction in both the State and federal courts could nevertheless be removed to the federal court. Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), provided that an action to recover unpaid minimum wages and actions to recover overtime "may be maintained in any court of competent jurisdiction."[3]

The Eighth Circuit concluded in *Johnson* that when Congress created a right to maintain an action under the Fair Labor

---

**2.** Section 409 must, of course, be read in conjunction with Section 401(1), Title 39, United States Code, which provides that the Postal Service may "sue and be sued in its official name." Both that Section and Section 409 clearly contemplate that the Postal Service is subject to suit in both the State and federal courts. Although the "sue and be sued" language in Section 401(1) is not as detailed as that contained in some other federal statutes, the Seventh Circuit in *Standard Oil Div., American Oil Co. v. Starks*, (7 Cir. 1975) 528 F.2d 201, concluded, we believe properly. that the principles applicable to the more detained "sue and be sued" language contained in the federal statutes before the Supreme Court in the trilogy of *Keifer & Keifer v. R.F.C.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); *F.H.A. v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); and *R.F.C. v. Menihan Corp.*, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941), are applicable to the less detailed "sue and be sued" language contained in Section 401(1) of the Postal Reorganization Act. The *Starks* case, of course, cannot be considered as authority supporting removal because no such question was noticed or considered in that case.

**3.** In *Johnson*, an employee brought an action in the State trial court to recover $385.26 of overtime compensation, plus attorney's fees. The defendant filed a petition for removal. The State court, however, concluded the case was not subject to removal and denied the petition. Defendant then sought the assistance of the United States District Court, which, after ordering removal, entered an order enjoining the State court from proceeding further. The refusal of the federal district court to remand the case and its refusal to dissolve its injunction against the State court thus properly presented the question of removability on appeal.

Standards Act and conferred concurrent jurisdiction on both the State and federal courts, it must be concluded that Congress "intended not only that the action might be commenced in any court of competent jurisdiction, but that it would be prosecuted to final judgment in the court in which it was commenced." *Id.* at 89.

Judge Sanborn concluded in *Johnson* that such a construction of a statute conferring concurrent jurisdiction on State and federal courts "does no violence to the removal statute . . . which is neither impaired nor repealed with respect to cases which properly come within its purview." *Johnson* further stated that "There was nothing in the practical situation with which Congress was confronted . . . which would negative an intent on its part to permit an employee to enforce his right of action in his local state courts." *Id.* at 89. Indeed, the Eighth Circuit cited *Wingate v. General Auto Parts,* (W.D.Mo.1941) 40 F.Supp. 364, to support its conclusion that "There are many obvious practical considerations which can be urged in support of the probable existence of such a Congressional intent." [4]

Application of the Eighth Circuit's rationale as stated in *Johnson v. Butler Bros.* to the concurrent jurisdiction question presented by the language of Section 409, Title 39, U.S.Code, requires that we conclude that the language of that section, standing alone, does not create an independent right of removal on the Postal Service to remove ancillary garnishment proceedings from the State courts and that the only cases subject to removal are those which may properly be removed under the provisions of Chapter 89 of Title 28, United States Code.

We further conclude, for reasons stated in the next part of this opinion, that the Postal Service may not remove these cases

under Section 1441(b), Title 28, United States Code, the only portion of Chapter 89 of Title 28, United States Code, relied upon as a basis for removal of the two cases before the Court.

### III.

Each petition for removal in the two cases before the Court alleges that removal is proper under Section 1441(b), Title 28, United States Code. That section sets forth the basic removal jurisdiction of a federal court over cases involving a federal question and provides that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1331(a), Title 28, United States Code, which sets forth the original jurisdiction of a federal court, provides that:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

The removal papers before the Court show on their face that neither of the ancillary garnishment proceedings which the United States Attorney's Office seeks to remove "exceeds the sum or value of $10,-000," one of the prerequisites for this Court's federal question original jurisdiction. The ancillary garnishment proceedings involved in the two cases before the Court, however, would not be removable even if the requisite jurisdictional amount were present. For it is obvious that the petitions for removal do not establish that the garnishment proceedings here involved

---

**4.** In *Wingate v. General Auto Parts Co., supra,* Judge Otis concluded that it would be regrettable if the State courts should be deprived of their concurrent jurisdiction by removal and that "the courts of the United States should be suddenly burdened with suits for trifling amounts which could just as well be maintained in other courts." See also *Johnson, supra,* 162 F.2d at 89, footnote 3, for the numerous other Western District of Missouri cases which correctly anticipated the Eighth Circuit's ruling of the concurrent jurisdiction removal question presented in that case.

arise "under the Constitution, treaties, or laws of the United States," within the meaning of Section 1441(b).

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3722, relying primarily on the leading case of *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), states the criteria for federal question removal jurisdiction as follows:

> As is true of original federal question subject matter jurisdiction, a case arises "under the Constitution, treaties, or laws of the United States" for purposes of removal jurisdiction if its adjudication depends on the application of any of these sources of federal law. Subject to the qualifications discussed elsewhere, the right or immunity created by the Constitution, a treaty, or a law must be an essential element of the plaintiff's claim for relief supported under one construction of federal law and defeated under another. The federal right or immunity also must be the subject of a genuine and present controversy, not merely a possible or conjectural one. In addition, the federal claim or right must not be asserted as part of a collateral issue or by way of defense. [Id. at 546, and following].

The Eighth Circuit has applied the principles stated by the Supreme Court in *Gully* in many cases. See, for example, *Rosecrans v. William S. Lozier, Inc.*, (8 Cir. 1944) 142 F.2d 118, 121, in which *Gully* was relied upon to support the conclusion that "Ordinarily the presence of a federal question which will authorize removal of the suit to a United States court must be disclosed by plaintiff's petition or complaint, unaided by defendant's answer or defenses, or indeed by plaintiff's reply to the defenses pleaded by defendant."

*Rosecrans* set forth the long recognized tests to be applied in determining whether an action may be said to arise under the Constitution or laws of the United States. That case held that:

> To bring a case within the removal statute, a right or immunity created by the Constitution or laws of the United States must be the essential element of plaintiff's cause of action. *Gully v. First National Bank, supra.* It is not sufficient to warrant removal that in the progress of the trial it may be necessary to give a construction to the Constitution or laws of the United States, but the case must substantially involve a dispute or controversy as to the effect or construction of the Constitution, laws or treaties of the United States, upon the determination of which the result depends. The controversy must be genuine and present as distinguished from a possible or conjectural one. [142 F.2d at 121].

*Rosecrans* also concluded, in language equally applicable to the cases now before the Court that:

> Even though defendants were to answer pleading as their justification for nonperformance, some order or regulation of the United States, that clearly would be a matter of defense, and the question of removal is not to be tested by the answer nor by any defensive matter stated in plaintiff's pleadings. [*Id.* at 123]

*Milligan v. Milligan*, (8 Cir. 1973) 484 F.2d 446, 447, one of the more recent Eighth Circuit cases, teaches that "removal cannot be maintained where the defendant sets up a federal law as a defense to a nonfederal claim."

*La Chemise LaCoste v. Alligator Company, Inc.*, (3 Cir. 1974) 506 F.2d 339, reversed the district court which had refused to remand a case allegedly removed under § 1441(b). That case stated what we believe is a correct summary of the applicable law:

> In an unwavering series of cases from 1894 to 1974 the Supreme Court has emphasized that federal question jurisdiction must appear on the face of the complaint. If it does not appear there, "no statement in the petition for removal, . . . of the defendant corporation, can supply that want, under the [then] existing act of congress." *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 464, 14 S.Ct.

654, 657, 38 L.Ed. 511 (1894); "[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," *Gully v. First National Bank, supra,* 299 U.S. at 113, 57 S.Ct. at 98. This year the Court reiterated, "[t]he federal questions 'must be disclosed upon the face of the complaint, unaided by the answer' ", *Philips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–128, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974) (per curiam). [506 F.2d at 343–344].

The Third Circuit, we believe properly, refused to permit the district court to recognize any exceptions to the established rules applicable to federal question removal jurisdiction for the reason that "The reinforcement of the *Tennessee-Gully* principle in the 1974 *Philips Petroleum* decision persuades us that the inferior federal courts should not attempt to engraft exceptions contrary to the legislative policy so zealously protected by the Supreme Court." *Id.* at 345.

*La Chemise Lacoste*, in holding that removal was not proper under § 1441(b), stated that "The brute fact is that defendant's status . . . is a matter for defense, and, under the *Tennessee-Gully* principle, one wholly inappropriate to the federal question determination." *Id.* That language is directly applicable to the cases presently before this Court. For it is clear from the United States Attorney's Office's prior removal attempts that these ancillary garnishment proceedings are being removed in the hope that a federal court will look more kindly on a motion to quash the garnishment summons on immunity grounds than would a State court. In these cases, as in *K.C. P.O. Employees Credit Union, supra,* footnote 1, we do not reach the anticipated immunity question for the reason that "the first order of business is for the federal court to determine its own jurisdiction." 1A Moore's *Federal Practice,* 0.169[1], p. 557.

The United States Attorney's Office apparently views a State ancillary garnishment proceeding as some sort of independent action against the Postal Service. Both *Brucker v. Georgia Casualty Co.,* (E.D. Mo.1926) 14 F.2d 688, and *Hoagland v. Rost,* (W.D.Mo.1954) 126 F.Supp. 232, collect the Missouri cases which suggest that such a view is not tenable. We need not, however, reach the obvious questions which are presented by the United States Attorney's Office's view of the nature of a Missouri garnishment proceeding.

For it is clear that even if the summons of garnishment and the interrogatories to the garnishee, which are the only pleadings attached to the petitions for removal, be treated as an independent action against the Postal Service, those State court papers do not remotely suggest the presence of a case which arises under the Constitution, treaties, or laws of the United States, within the meaning of § 1441(b). Application of the principles stated in the cases we have discussed requires that both cases be remanded to the respective Magistrate Courts for Jackson County, Missouri, from whence they were removed.

Because of the importance of the question presented, we have circulated a copy of this memorandum opinion to all active judges of this Court. Chief Judge William H. Becker, Judge William R. Collinson and Judge Elmo B. Hunter have authorized me to state that each agrees with the construction we have placed on § 409, Title 39, United States Code, and § 1441(b), Title 28, United States Code, and that each agrees that all State court ancillary garnishment proceedings substantially similar to those involved in these cases which have been or which may in the future be removed under those sections of the United States Code will be promptly remanded to the respective State courts from whence they were removed.

For the reasons stated, it is

ORDERED (1) that Case No. 76 CV 805–W–1 should be and the same is hereby remanded to the First District Magistrate Court for Jackson County, Missouri, from whence it was improperly removed. It is further

ORDERED (2) that Case No. 76 CV 808–W-1 should be and the same is hereby remanded to the Sixth District Magistrate Court for Jackson County, Missouri, from whence it was improperly removed.