**CONTINENTAL CABLEVISION OF ST. PAUL, INC., Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Appellee.**

No. 91–1222.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided Oct. 7, 1991.

Robert Alan Alsop, Minneapolis, Minn., argued (John G. Hoeschler and Mary G. Dobbins, on the brief), for appellant.

Mary E. Carlson, Minneapolis, Minn., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and BATTEY,* District Judge.

ARNOLD, Circuit Judge.

This appeal arises out of a dispute over a lease covering certain real property in St. Paul, Minnesota. The United States Postal Service owns the land and leased it to Continental Cablevision of St. Paul, Inc. On the merits, the issue is whether Continental has effectively exercised an option to renew the lease. This appeal, however, is not about the merits. The District Court, after first holding that the Postal Service had properly removed the case from a Minnesota state court, dismissed the suit for lack of jurisdiction over the subject matter. Continental appeals, contending that removal was improper, and, in the alternative, that the District Court (assuming proper removal) did have jurisdiction. We hold that removal was proper, and that the District Court has jurisdiction. We therefore reverse.

## I.

■ The case began when Continental filed suit against the Postal Service in a state district court. The complaint asks for a declaration that Continental has given effective notice of renewal of the lease. It also requests that the Postal Service be enjoined from disturbing Continental's possession of the space in question. The complaint also requests an order requiring the Postal Service to accept regular monthly rent in a certain amount, with the amount to be adjusted as appropriate if, at the conclusion of the case, the Court fixes some other amount as the appropriate rental under the lease as renewed. (The lease contains provisions for adjustment of rent over time in the event of renewal for one or more additional terms.) Thus, the suit is not for damages, but rather for declaratory and injunctive relief, with a possible monetary adjustment if necessary to do complete equity between the parties.

The Postal Service filed a timely notice of removal "pursuant to Title 28, United States Code, Section 1441 and 1446(a) . . . ." Joint Appendix (J.A.) A–78. The Postal Service then moved to dismiss the action, citing Fed.R.Civ.P. 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim). *Id.* at A–80. Continental, on the other hand, moved for an order remanding the case to the state court, arguing that removal was improper.

The jurisdiction of the lower federal courts is entirely a creature of statute. So is the privilege of removal from a state court to a federal court. The case, then, is one of statutory interpretation, and, as it happens, a single subsection addresses both the question of jurisdiction and that of removal. This provision reads in full as follows:

§ 409. Suits by and against the Postal Service

(a) Except as provided in section 3628 of this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C. § 409(a). The reference to "section 3628 of this title" may at once be put aside. Section 3628 concerns decisions of the Board of Governors of the United

* The Hon. Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

States Postal Service with respect to rates proposed by the Postal Rate Commission. Such decisions, the section provides, may be appealed to the courts of appeals. That exception has nothing to do with the present case, which is therefore governed by Section 409(a).

The second sentence of Section 409(a) addresses the subject of removal. Obviously this is an "action brought in a State court to which the Postal Service is a party...." So what's the problem? The language of the statute, for once, seems utterly plain. Continental, however, citing *Jones Store Co. v. Hammons*, 424 F.Supp. 494, 496 (W.D.Mo.1977), claims that the statute creates no independent ground of removal, but, rather, allows removal only if one of the removal statutes contained in chapter 89 of Title 28, a chapter comprising sections 1441 through 1452 of the Judicial Code, applies.

The *Jones* case is in point and says exactly what Continental claims, but it is not, in our opinion, well reasoned. The opinion quotes Section 409 and then states as follows:

Power and jurisdiction to remove the garnishment proceedings involved in the pending cases must therefore be found in Chapter 89 of Title 28, United States Code. For it is clear that the portion of Section 409, Title 39, United States Code, which confers concurrent jurisdiction on both the State and federal courts over actions brought by or against the Postal Service does not create an independent ground of removal.

424 F.Supp. at 496 (footnote omitted). This reasoning is a complete non sequitur. It is perfectly true that "the portion of Section 409 ... which confers concurrent jurisdiction on both the State and federal courts over actions brought by or against the Postal Service does not create an independent ground of removal." This reference is to the first sentence of Section 409. Removal is addressed in the second sentence. A provision creating original jurisdiction does not, of its own force, create removal jurisdiction. This hardly answers the question before us. The issue of removal is

governed by the second sentence of Section 409(a), a sentence which the *Jones* court's reasoning fails to address directly. Apparently the *Jones* court was of the view that the clause "under the provisions of chapter 89 of Title 28," with which the second sentence of Section 409(a) ends, has substantive significance, in the sense that it was intended to limit removal to those instances specified in chapter 89. But if this is the meaning of the phrase, why did Congress bother to enact the second sentence? It adds absolutely nothing to what would have been the law in its absence. Chapter 89 of Title 28 was already on the books and available to any litigant, including the Postal Service. The *Jones* court's reading of the second sentence of Section 409(a) reduces it to nothing more than a superfluous cross-reference.

The reference to chapter 89, of course, must (or at least, should) mean something. If it does not mean that removal is limited to those instances specified in chapter 89, what does it mean? We think the natural meaning of the clause is simply that the procedure for removal, including time limits, form of petition, and the like, for Postal Service cases will be that laid out for cases in general in chapter 89. This is, in fact, precisely the meaning ascribed to the clause in question in *Township of Middletown v. N/E Regional Office, United States Postal Service*, 601 F.Supp. 125 (D.N.J.1985). The *Middletown* court ruled as follows:

39 U.S.C. § 409, a portion of the Postal Reorganization Act, states that "[a]ny action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28." According to the Township, this statute does not create an independent ground for removal from a state court to federal court; rather, it is argued, the power and jurisdiction to remove the case must be found in the provisions of title 28. In support of its proposition, the Township cites *Jones Store Co. v. Hammons*, 424 F.Supp. 494 (W.D.Mo.1977), which refused to read § 409 as the source of an independent

basis for removal. The court in *Jones Store,* however, failed to provide any explanation or discussion of its conclusion. It did not consider the legislative history of the statute, nor did it examine the plain language of the Act. Even a cursory examination of the language and history of § 409 demonstrates that the *Jones Store* court incorrectly interpreted the statute. Several legislative reports state, without limitation, that actions against the Postal Service in state courts may be removed to the federal courts. Section 409 itself speaks of the removal of *any* action brought against the Postal Service. While § 409 also states that the removal is to be "under the provisions of chapter 89 of title 28," there is no indication that this refers to the *grounds* for removal. It is far more plausible that the quoted language refers to the *procedures* for removal set forth in § 1446 *et seq.*

*Id.* at 126–27 (alternative holding) (footnote omitted).

Accordingly, we hold, as did the District Court in this case, that Section 409(a) does create for the United States Postal Service an independent ground for removal from a state court to a federal court. The general purpose of removal in such a case is to give the Postal Service, an instrumentality of the United States, the protection of a federal forum, if it should desire it. This purpose is advanced by the reading we are giving the statute, and the reading is also the more natural one, in the sense that it avoids making the second sentence of Section 409(a) a redundancy. We agree with the District Court's holding that removal was proper.

## II.

The next question is whether the District Court had subject-matter jurisdiction. We quote again, for purposes of convenience, the pertinent part of the first sentence of Section 409(a): "... the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." It is hard to see how any question could be raised about the meaning of these words. They are a clear and unequivocal grant of jurisdiction to the district courts. The formula used is almost identical to that used in chapter 85 of title 28, which is the location of most of the commonly used grants of jurisdiction. See, *e.g.,* 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." We recognize that words must always be read in context, and that few if any phrases are so plain that the ingenuity of lawyers cannot create some question of interpretation, but the words of the first sentence of Section 409(a) convey a meaning as plain as any we can recall seeing.

Why then did the District Court rule as it did? What justification does the Postal Service offer for this ruling? The point is made, first of all, that 39 U.S.C. § 401(1), which provides that the Postal Service may "sue and be sued in its official name," is nothing more than a waiver of sovereign immunity: It is not a grant of jurisdiction, nor does it create any right of action. (Incidentally, no issue of sovereign immunity is presented in this case: The Postal Service concedes that Section 401(1) is an effective waiver.) With this point we have no quarrel. It is not Section 401(1), but rather Section 409(a), which speaks of jurisdiction, and the latter section is clear. It is also said—and this is the centerpiece of the Postal Service's position—that Continental has pointed to no statute creating a cause of action in its favor for declaratory or injunctive relief against the Postal Service. This is true enough. It is the common law of landlord and tenant (of which more hereafter) that Continental has invoked, rather than any statute, state or federal. The Postal Service insists that in the absence of a statute creating a right of action, the District Court had no subject-matter jurisdiction.

We think this contention betrays a fundamental misunderstanding of the meaning of the term "jurisdiction." Jurisdiction over the subject matter refers to the power of a court to decide a certain class of cases,

here, cases by or against the United States Postal Service. Whether or not a right of action, statutory or otherwise, exists, on the other hand, is a question of the merits, a question not reached unless the court first determines that it does have subject-matter jurisdiction. The distinction is made plain by the Federal Rules of Civil Procedure themselves. Separate provisions address the defenses of lack of subject-matter jurisdiction (Rule 12(b)(1)) and failure to state a claim (Rule 12(b)(6)). Here, the Postal Service advanced both defenses, but the District Court was explicit in not reaching the 12(b)(6) defense.

The point is plain in principle and should need no further discussion. In defense of the District Court and the Postal Service, however, it should be said that an opinion of the Seventh Circuit, *Peoples Gas, Light & Coke Co. v. United States Postal Service*, 658 F.2d 1182 (7th Cir.1981), supports the Postal Service's contention. The case holds that 39 U.S.C. § 409(a) does not "provide[ ] an independent basis for jurisdiction." *Id.* at 1189. "To [this] ... provision[ ] there must be added a substantive legal framework to afford subject matter jurisdiction." *Ibid.* Section 409(a), when taken together with another jurisdictional provision, 28 U.S.C. § 1339, not involved in this case, does no more than remove the barrier of sovereign immunity, the case says. These statutes "permit the Postal Service, an independent executive establishment created by Congress, to sue and to be sued. As such they form no basis for a cause of action." *Ibid.* The Court thought it had to inquire into "whether a substantive basis exists for jurisdiction." *Ibid.*

With all due respect to the *Peoples Gas* panel, we think this line of argument is seriously flawed. In the first place, it is Section 401(1) that waives sovereign immunity. Section 409(a), the provision in question in this case, says nothing about suing and being sued, and does not mention sovereign immunity as such. It is perfectly true that a statute waiving sovereign immunity does not of itself create jurisdiction, but so what? In the second place, whether or not "a cause of action" exists goes to the merits, not to the question of subject-

matter jurisdiction. The *Peoples Gas* opinion completely fails to come to grips with the plain words of Section 409(a). When the entire opinion is read in context, one can perhaps understand why the Court approached the question as it did. The real issue was one of reviewability. The Postal Service had made a procurement decision, and the plaintiff in *Peoples Gas* wanted to set it aside. The Court needed to decide whether this type of administrative action was judicially reviewable. In doing so, it discussed whether "there is a law to apply in this review action," *id.* at 1190. This language recalls the holding of *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), that judicial reviewability is presumed, and that agency action will be held unreviewable only if there is "no law to apply." *Id.* at 410, 91 S.Ct. at 820 (quotation omitted). In searching for a substantive basis of the cause of action, therefore, the Court was looking for "law to apply," in the absence of which it would be unable to review the procurement decision in question. In fact, it found law to apply in the form of Postal Service regulations. Characterizing the issue as one of subject-matter jurisdiction, therefore, did not ultimately affect the outcome of the case. The Court went on to hold the action in question reviewable, though ultimately it dismissed the case on standing grounds.

Whatever the explanation of the language used in *Peoples Gas*, it does not persuade us that the issue of subject-matter jurisdiction depends on the existence of substantive law creating a right of action. This conclusion is reinforced by a later opinion of the same Court, *Powers v. United States Postal Service*, 671 F.2d 1041 (7th Cir.1982). There, the Postal Service was a lessee, and the other party, Powers, was its landlord. The dispute concerned the landlord's obligation to paint the leased building, which was used as a post office in Munster, Indiana. Jurisdiction was based on 39 U.S.C. § 409(a), "which" the Court said, "gives the federal courts, concurrently with the state courts, jurisdiction over suits by or against the Postal Service." *Id.*

at 1042. The Court noted that "[t]he jurisdictional statute, 39 U.S.C. § 409(a)[,] is not a ... source of substantive duties.... It confers merely concurrent jurisdiction on the federal courts." *Ibid.* "This interpretation of section 409(a)[,]" the *Powers* Court explained further, "is reinforced by *Peoples Gas, Light & Coke Co. v. United States Postal Service,* 658 F.2d 1182, 1189 (7th Cir.1981), which holds, albeit in a different context, that section 409(a) is not a source of substantive rights but merely a waiver of the government's sovereign immunity from suit." *Ibid.*

The *Powers* Court went on to discuss what law should apply in determining the obligations of the parties to a lease signed by the Postal Service. The Court held, in brief, that federal courts should not create their own system of landlord-tenant law, but rather refer to state law, which includes a fully articulated system of rights and obligations of landlords and tenants.

The important point for present purposes is that *Powers* read *Peoples Gas* as holding merely that Section 409(a) is not a source of substantive rights. This is plainly correct. Just as plainly, this fact did not at all deter the *Powers* Court from describing Section 409(a) as "giv[ing] the federal courts ... jurisdiction over suits by or against the Postal Service." 671 F.2d at 1042. The *Powers* analytical framework clearly distinguishes between subject-matter jurisdiction and law creating substantive rights. The two areas are wholly distinct. A case in which subject-matter jurisdiction exists, but in which no law creates substantive rights, should be dismissed on the merits. A case, on the other hand, in which a law has created substantive rights, but over which the Court has no subject-matter jurisdiction, should be dismissed for want of jurisdiction. The *Powers* opinion, though it does not say so directly, is inconsistent with *Peoples Gas,* to the extent that the latter case holds that jurisdiction depends upon the existence of a law creating substantive rights.

We find *Powers* more persuasive. It recognizes the fundamental distinction between jurisdictional and merits issues. If

additional citation is required, we would refer to *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In that leading case, a complaint was filed claiming that plaintiffs had been unlawfully arrested, and their premises unlawfully searched, in violation of the Fourth and Fifth Amendments of the federal Constitution. Relief by way of damages was requested. The District Court dismissed for want of jurisdiction, holding that the action was not one arising under the Constitution or laws of the United States. The Circuit Court of Appeals affirmed, but the Supreme Court reversed. The complaint, it said, alleged a violation of the Fourth and Fifth Amendments, and that the plaintiffs had been injured thereby. Even if, as the lower courts had held, no right of action for violation of the Fourth and Fifth Amendments exists, jurisdiction, as such, would not be defeated. Unless a complaint is frivolous on its face, a colorable allegation of a federal right suffices to establish arising-under jurisdiction, regardless of whether, ultimately, a federal cause of action is found. The Court elaborated as follows:

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

327 U.S. at 682, 66 S.Ct. at 776.

In sum, the plain language of the first sentence of Section 409(a) appears, on its face, to confer jurisdiction. We know of no statute that negatives this interpretation. If this were a tort case, the Federal Tort

Claims Act would apply, see 39 U.S.C. § 409(c), but this is not a tort case. If this were a non-tort action for damages against the United States, the Tucker Act, 28 U.S.C. § 1346, would apply, and the district court would have concurrent jurisdiction with the United States Claims Court, but only to the extent that the claim did not exceed $10,000. This is, however, not an action for damages against the United States, so the Tucker Act does not apply. (The Postal Service is a legal entity separate from the United States itself.) Finally, at the oral argument, the government suggested that the Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, might apply, and that Continental's remedy may not be in any court, but rather before a Board of Contract Appeals, at least in the first instance. The applicability of the Contract Disputes Act is not addressed in the District Court's opinion, nor has it been briefed in this Court. We will leave this issue to be addressed on remand, if the government wishes to press the contention. We know of no authority so holding, but this is not to say that the government might not find some.[1]

We have attempted to explain our reasons for holding that Section 409(a) confers subject-matter jurisdiction over this case. The same result, we believe, follows also under 28 U.S.C. § 1331. For, even (or especially) under the government's theory (which is that federal law governs the question of lease renewal), this is an action arising under federal law within the meaning of that jurisdictional grant. A recent opinion by Judge Posner (also, as it happens, the author of *Powers*) explains this conclusion thoroughly. In *Western Securities Co. v. Derwinski*, 937 F.2d 1276 (7th Cir.1991), Western sued the Veterans' Administration to enforce a loan guaranty. No statute created a right of action, nor was it contended that any statute governed the enforceability of the guaranty. Nevertheless, the action was held to arise under federal law. "Suits to enforce contracts with federal agencies are governed by federal common law, and as a result arise under federal law for purposes of section 1331." *Id.* at 1280 (citations omitted). Thus, even if a jurisdictional statute independent of Section 409(a) were required, which it is not, this case was wrongly dismissed on jurisdictional grounds, because 28 U.S.C. § 1331 is such a statute.[2]

1. For purposes of completeness, we acknowledge, as the government contends, that at least two district court opinions support its contention. See *Westwood Promotions, Inc. v. United States Postal Service*, 718 F.Supp. 690, 693 (N.D.Ill.1989) (applying *Peoples Gas* as binding authority, but not mentioning *Powers*); *Tedesco v. United States Postal Service*, 553 F.Supp. 1387, 1388 (W.D.Pa.1983) (Section 409(a) creates "general jurisdiction over cases involving [the] Postal Service, ... [but u]nless the plaintiffs can direct us to a statute or regulation creating the right they seek to enforce, we have no jurisdiction over the subject matter of their dispute with the Postal Service."). For reasons given in the text, we do not find these authorities persuasive. More soundly reasoned, in our view, are *Blair v. United States Postal Service*, 657 F.Supp. 524, 526 & n. 3 (S.D.Tex.1987) (section 409 grants district court jurisdiction over suits against the Postal Service in non-tort cases); *Pearlstine v. United States*, 469 F.Supp. 1044 (E.D.Pa.1979) (Pollak, J.) (upholding jurisdiction under Section 409(a) by implication; distinguishing the separate effect of Section 401 as a waiver of sovereign immunity); *Grasso v. United States Postal Service*, 438 F.Supp. 1231, 1234–36 (D.Conn.1977) (court has jurisdiction under Section 409(a) over non-tort claims against the Postal Service; but if the United States is a co-

defendant in its own name, and monetary relief is requested, the Tucker Act applies to contract claims).

2. At one point in its opinion, the District Court seems to have adopted just this reasoning: "Under 39 United States Code section 409(a), the United States district courts have original jurisdiction over claims against the Postal Service, which may be removed under the provisions of chapter 89 title 28. The first section of that chapter [28 U.S.C. § 1441] permits removal of any action brought in State court over which the federal court has original jurisdiction. Therefore, defendant argues, removal is proper.... The Court finds this line of reasoning to be persuasive." J.A. A–89–90. This passage, to be sure, occurs in the Court's discussion of removability, and its implications were not pursued when the Court came to the issue of subject-matter jurisdiction.

We note also that the petition for removal filed by the United States cites Section 1441 as a ground for removal, thus implicitly recognizing the very point made here: That this is a case, as Section 1441(a) puts it, "of which the district courts of the United States have original jurisdiction...."

Finally, even if law creating a substantive right were a jurisdictional prerequisite, the re-

### III.

We wish to make plain what we are not deciding. First of all the effect, if any, of the Contract Disputes Act, as we have indicated, may be addressed on remand, at the government's option. Secondly, the questions of what law applies, and whether, under that law, a claim is stated, must be addressed on remand. It is clear, as we have said, that federal common law applies, but it remains to be determined whether that law should adopt as a rule of decision the landlord-and-tenant law of the appropriate state, here Minnesota. The government argues before us (anticipating the issue) that state law should not be referred to. *Powers* holds that it should be. See also *Western Securities, supra:* "[I]n determining what particular doctrine to apply in a particular suit, the court [applying federal common law] will often select a rule of state law. But that determination is itself an interpretation of federal common law: a determination that, for this particular case, the federal common law rule shall be state-law rule thus-and-so." 937 F.2d at 1280 (citations omitted, among them *Powers* ). We leave these issues for argument before and development by the District Court on remand.

■ To summarize: Removal was proper, but dismissal for want of subject-matter jurisdiction was not. The judgment is reversed, and the cause remanded to the District Court for further proceedings consistent with this opinion.[3]

It is so ordered.

---

quirement would be met here. Such "law" need not be a statute. It can be the federal common law of landlord and tenant.

**3.** We add one point, though it is unlikely to arise again in this case. When a federal court to which a case has been removed from a state court determines that it lacks jurisdiction, the proper action is not dismissal of the complaint, but remand to the state court. Section 1447(c) of Title 28 expressly so provides. See *International Primate Protection League v. Administrators of Tulane Educational Fund,* — U.S. —, 111 S.Ct. 1700, 1709–10, 114 L.Ed.2d 134 (1991).