

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-24-1994

# Licata v. U.S. Postal Service

Precedential or Non-Precedential:

Docket 93-5637

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation
"Licata v. U.S. Postal Service" (1994). *1994 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 93-5637


STEPHEN B. LICATA,
                              Appellant

                     v.

UNITED STATES POSTAL SERVICE



Appeal from the United States District Court
      for the District of New Jersey
       (D.C. Civ. No. 93-cv-01386)


Argued May 5, 1994

Before:  SLOVITER, Chief Judge, HUTCHINSON, Circuit Judge,
              and DIAMOND,* District Judge

(Filed  August 24, l994 )

Burtis W. Horner (Argued)
Stryker, Tams & Dill
Newark, NJ  07105

         Attorney for Appellant

Michael Chertoff
  United States Attorney
Susan H. Handler-Menahen (Argued)
  Assistant United States Attorney
Newark, NJ  07102

         Attorneys for Appellee

---

*.  Hon. Gustave Diamond, United States Senior District Judge for
the Western District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

SLOVITER, Chief Judge.

Stephen Licata appeals the district court's dismissal of his suit, which it treated as alleging a breach of contract, against the United States Postal Service for lack of subject matter jurisdiction. We conclude that we must reverse in light of Congress's specific grant to the district courts of original jurisdiction over such claims.

I.

**FACTS AND PROCEDURAL HISTORY**

Because the district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(1) before the Postal Service filed an answer, we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court. See Haydo v. Amerikohl Mining Inc., 830 F.2d 494, 495-96 (3d Cir. 1987); Cardio-Medical Assocs., Ltd. v. Crozer-Chester Medical Ctr., 721 F.2d 68, 75 (3d Cir. 1983).

According to the complaint, the Postal Service has established a program which encourages employee participation by awarding 10% of the total economic benefit of any implemented suggestion, up to a maximum award of $35,000. Licata, a machinist employed by the Postal Service, submitted a suggestion in July 1989 for a modified roller for one of the Service's package sorters. Licata's suggestion was implemented at the local level and research indicated that if implemented nationwide, the modified roller could save the Service $500,000

in the first year.  Although the modification was formally disapproved for national implementation in June 1991, Licata claims that the Service continued to authorize the manufacture and use of the rollers without paying him his share of the savings.

On March 31, 1993, Licata filed suit in the District Court for the District of New Jersey seeking $35,000 damages, as well as interest, costs, and attorney's fees.  He alleged jurisdiction under 39 U.S.C. § 409(a) (1988) and 28 U.S.C. § 1339 (1988).  Both parties and the district court read the complaint to allege some kind of common law breach of contract claim.  App. at 16 n.3, 73-74, 159.  The Service filed a Motion to Dismiss or, in the Alternative, for Summary Judgment prior to filing an answer, arguing that the district court lacked subject matter jurisdiction, that the complaint failed to state a claim upon which relief could be granted, or that summary judgment should be entered based on the affidavit and exhibits attached to the motion.

The district court dismissed the complaint for lack of subject matter jurisdiction, reasoning that section 409(a) was insufficient to maintain jurisdiction without a cause of action, and that if the claim sounded in contract it was barred by the Tucker Act.  See Licata v. United States Postal Serv., No. Civ.A.93-1386, 1993 WL 388974, at *3-4 (D.N.J. Sept. 22, 1993).  This timely appeal followed.  We exercise plenary review over questions of subject matter jurisdiction.  See Packard v.

<u>Provident Nat'l Bank</u>, 994 F.2d 1039, 1044 (3d Cir.), <u>cert.</u> <u>denied</u>, 114 S. Ct. 440 (1993).[1]

## II.

## DISCUSSION

### A.

Section 409 of the Postal Reorganization Act of 1970, entitled "Suits by and against the Postal Service," provides:

> (a)  Except as provided in section 3628 of this title [governing appeals of postal ratemaking], the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service.  Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C. § 409(a) (1988).

When interpreting a statute we look first to its plain meaning, and if the language is unambiguous no further inquiry is necessary.  <u>See</u> <u>Sacred Heart Medical Ctr. v. Sullivan</u>, 958 F.2d 537, 545 (3d Cir. 1992).  The plain meaning of the first sentence of section 409(a) grants the district court "jurisdiction" over Licata's complaint, since it is an "action[] brought . . . against the Postal Service" and does not fall within the exception at the beginning of the sentence.  Thus we agree with the Eighth Circuit that the words of section 409(a) "are a clear and unequivocal grant of jurisdiction to the district courts

---

[1]. Because of our interpretation of section 409(a), we need not address whether jurisdiction would be proper under 28 U.S.C. § 1339.

. . . [and that] the words of the first sentence of Section 409(a) convey a meaning as plain as any we can recall seeing." Continental Cablevision v. United States Postal Serv., 945 F.2d 1434, 1437 (8th Cir. 1991). Indeed, we cannot imagine how Congress could grant jurisdiction more plainly.

Nor is there anything in our precedents that prevents us from attributing to section 409(a) its plain meaning. We have described section 409(a) as a "general grant of jurisdiction to the district courts," Air Courier Conference of America v. United States Postal Serv., 959 F.2d 1213, 1217 n.2 (3d Cir. 1992), and, consistent with the Supreme Court's approach, have had no qualms about reviewing judgments against the Postal Service when jurisdiction was predicated on section 409(a). See Franchise Tax Bd. v. United States Postal Serv., 467 U.S. 512, 514 (1984) (permitting suit against Postal Service for refusing to comply with administrative order to withhold state taxes and noting jurisdiction was predicated on § 409(a)); Pearlstine v. United States, 649 F.2d 194, 195 n.2 (3d Cir. 1981) (reviewing district court order on award of costs and attorney's fees against Postal Service and noting jurisdiction was based on § 409(a)).

Indeed, most courts of appeals to consider the question have found that section 409(a) is what it seems to be--a grant of jurisdiction to the district courts for suits in which the Postal Service is a party. See, e.g., Continental Cablevision, 945 F.2d at 1437; American Postal Workers Union v. United States Postal Serv., 830 F.2d 294, 313 n.33 (D.C. Cir. 1987); Insurance Co. of North America v. United States Postal Serv., 675 F.2d 756, 757-58

(5th Cir. 1982); Kennedy Elec. Co. v. United States Postal Serv., 508 F.2d 954, 955 (10th Cir. 1974); White v. Bloomberg, 501 F.2d 1379, 1384 n.6 (4th Cir. 1974); see also 2 Government Contracts § 8:226, at 153 (Thomas R. Trenker et al. eds., 1992) ("With respect to contracts with the U.S. Postal Service, the Postal Reorganization Act confers jurisdiction on the District Courts."); 1 James Wm. Moore et al., Moore's Federal Practice ¶ 0.62[7], at 700.7 (2d ed. 1994) ("Under § 409, the district court has jurisdiction of actions by or against the Postal Service whether or not they arise under the statutes affecting postal matters, but this section by its terms applies only in cases in which the Postal Service is a party." (footnote omitted)).

Despite the clear language and considerable precedent, there is a split of authority in the circuits as to whether section 409 provides an independent basis for subject matter jurisdiction. See Hexamer v. Foreness, 981 F.2d 821, 823 (5th Cir. 1993) (noting split).[2] The Service relies primarily on Peoples Gas, Light & Coke Co. v. United States Postal Service, 658 F.2d 1182, 1189 (7th Cir. 1981), which held that the purpose of section 409(a) was "to remove any barrier that might otherwise

_____

[2]. The district courts of this circuit are also divided over the meaning of section 409(a). Compare Hudak v. United States Postal Serv., No. Civ.A.94-0007, 1994 WL 45134, at *1 (E.D. Pa. Feb. 15, 1994) and Borough of Berlin v. United States, No. Civ.A.93-1649(JEI), 1993 WL 172365, at *2 (D.N.J. May 20, 1993) and Jones v. United States Postal Serv., No. Civ.A.89-399-CMW, 1990 WL 5198, at *2 (D. Del. Jan. 26, 1990) and Pearlstine v. United States, 469 F. Supp. 1044, 1046 (E.D. Pa. 1979) with Licata, 1993 WL 388974, at *3-4 and Tedesco v. United States Postal Serv., 553 F. Supp. 1387, 1388 (W.D. Pa. 1983).

exist by reason of the doctrine of sovereign immunity. [It] permit[s] the Postal Service, an independent executive establishment created by Congress, to sue and to be sued." Peoples Gas also stated that neither section 409(a) nor 28 U.S.C. § 1339 "provides an independent basis for jurisdiction. To each of these provisions there must be added a substantive legal framework to afford subject matter jurisdiction" and concluded that section 409(a) "form[s] no basis for [such] a cause of action." Id.; see also Janakes v. United States Postal Serv., 768 F.2d 1091, 1093 (9th Cir. 1985) (adopting the holding of Peoples Gas without discussion). We decline to follow Peoples Gas, for we do not find its reasoning persuasive.

We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action. Section 409(a) does not speak to sovereign immunity. It is 39 U.S.C. § 401(1) that waives the Service's sovereign immunity by providing that it may "sue and be sued in its official name." See Loeffler v. Frank, 486 U.S. 549, 556 (1988) ("By launching the Postal Service into the commercial world, and including a sue-and-be-sued clause in its charter, Congress has cast off the Service's cloak of sovereignty and given it the status of a private commercial enterprise." (quotations omitted)); Franchise Tax Bd, 467 U.S. at 517 (describing 39 U.S.C. § 401(1) as the "statutory waiver of sovereign immunity" for the Postal Service).[3]

_____

[3]. Although we believe the statutory language alone is sufficient to overcome the Service's argument, we note that the

Further, we believe that the Postal Service's argument, relying on <u>Peoples Gas</u>, that subject matter jurisdiction is absent without a cause of action is "seriously flawed" because "whether or not 'a cause of action' exists goes to the merits, not to the question of subject-matter jurisdiction." <u>Continental Cablevision</u>, 945 F.2d at 1438. In the seminal case of <u>Bell v. Hood</u>, 327 U.S. 678 (1946), the Supreme Court held that the

(..continued)
scant legislative history of this provision "refute[s] any argument that a literal construction of [section 409(a)] is so absurd or illogical that Congress could not have intended it." <u>Conroy v. Aniskoff</u>, 113 S. Ct. 1562, 1566 (1993). Prior to the Postal Reorganization Act of 1970, the Post Office Department was a part of the President's cabinet. As Congress contemplated altering its status to a government corporation, a number of bills were circulated regarding postal reform and almost all contained jurisdictional provisions similar to section 409(a) as well as separate "sue and be sued" provisions. <u>See</u> H.R. 17070, 91st Cong., 2d Sess. §§ 111(1), 113(a) (1970); H.R. 4 [Rep. No. 91-988], 91st Cong., 2d Sess. §§ 205(2), 208(a) (1970); H.R. 11750, 91st Cong., 1st Sess. §§ 205(2), 208(a) (1969); <u>see also Bills to Improve and Modernize the Postal Service, to Reorganize the Post Office Department, and for Other Purposes: Hearings on H.R. 17070 and similar bills Before the House of Representatives Comm. on Post Office and Civil Service</u>, 91st Cong., 2d Sess. 64 (1970) (describing H.R. 17070, H.R. 4 and H.R. 11750 as containing "procedures for suits to which the Postal Service is a party" which were "[t]he same in substance"). The Committee report accompanying H.R. 17070, the bill eventually passed, reinforces our reading that section 409(a) grants federal courts jurisdiction whenever the Postal Service is a party. <u>See</u> H.R. Rep. No. 1104, 91st Cong., 2d Sess. 26 (1970), <u>reprinted in</u> 1970 U.S.C.C.A.N. 3649, 3674 ("This section details procedures for suits to which the [Service] is a party. **Subsection (a).**--The United States District Courts are given original nonexclusive jurisdiction over suits by or against the Postal Service . . . ."); <u>see also</u> H.R. Rep. No. 988, 91st Cong., 2d Sess. 29 (1970). The Conference Committee adopted this provision without discussion. <u>See</u> H.R. Conf. Rep. No. 1363, 91st Cong., 2d Sess. 9 (1970). <u>See generally</u> Robert A. Saltzstein & Ronald E. Resh, <u>Postal Reform: Some Legal and Practical Considerations</u>, 12 Wm. & Mary L. Rev. 766, 766-69 (1971) (tracing history of the Postal Reorganization Act).

district court erred in dismissing a complaint for want of jurisdiction when it was in reality ruling on the viability of the lawsuit.  The Court held:

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.  For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.  Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.  If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

Id. at 682.  The fact that section 409(a) does not provide a cause of action or that Licata will not prevail on the merits is irrelevant to the district court's jurisdiction over the suit. See Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1280-81 (3d Cir. 1993).[4]

Thus, after reviewing the language and history of the statute, we hold that absent some other statutory bar, section 409(a) grants district courts subject matter jurisdiction over actions to which the Postal Service is a party.

---

[4]. Also irrelevant to the jurisdictional question is whether a private right of action exists under the Postal Reorganization Act, see Gaj v. United States Postal Serv., 800 F.2d 64, 68-69 (3d Cir. 1986), or whether the Administrative Procedures Act applies to the Postal Service, see Air Courier Conference of America v. American Postal Workers Union, 498 U.S. 517, 523 n.3 (1991), issues raised by the Postal Service on appeal.

B.

Nor do we agree with the district court's alternative holding that the Tucker Act precludes subject matter jurisdiction over this suit.

The Tucker Act is one of the few places in the federal statutes which provides both jurisdiction and a waiver of sovereign immunity for non-tort actions against the United States and it generally requires recourse to the Court of Federal Claims.  See Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988); Hahn v. United States, 757 F.2d 581, 585-86 (3d Cir. 1985).  Specifically, the "Big" Tucker Act grants the "Court of Federal Claims . . . jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States," 28 U.S.C. § 1491(a)(1) (Supp. IV 1992), while the "Little" Tucker Act grants concurrent jurisdiction to the district courts for such claims not exceeding $10,000 in value, 28 U.S.C. § 1346(a)(2) (1988).[5]

However, it is well settled that a claim brought against the Postal Service in its own name is not a claim against the United States and thus is not governed by the Tucker Act. See Continental Cablevision, 945 F.2d at 1440 ("This is . . . not an action for damages against the United States, so the Tucker Act does not apply.  The Postal Service is a legal entity separate from the United States itself." (parentheses omitted));

---

[5].  The district court did not have jurisdiction over this suit under the Little Tucker Act because Licata sought the sum of $35,000 in his complaint.

Jackson v. United States Postal Serv., 799 F.2d 1018, 1022 (5th Cir. 1986) ("the district courts enjoyed concurrent jurisdiction over suits against the [Postal Service] in eo nomine for breach of a [Postal Service] contract, regardless of the amount involved"); White v. Bloomberg, 501 F.2d 1379, 1384 n.6 (4th Cir. 1974) ("a suit may be maintained against the Postal Service without joining the United States as a party, and . . . the district courts have jurisdiction over suits against the Postal Service for amounts over $10,000"); Butz Eng'g Corp. v. United States, 499 F.2d 619, 627–28 (Ct. Cl. 1974) ("the Postal Service could always be sued in district court" on a contract claim); cf. United States v. Connolly, 716 F.2d 882, 885 n.4 (Fed. Cir. 1983) (in banc) ("Congress made it clear in the Postal Reorganization Act of 1970 that the Postal Service was essentially to be separate from the government.  Indeed, the Act provides that the Postal Service is empowered to sue and be sued in its own name, 39 U.S.C. § 401(1), and that the district courts have original jurisdiction over virtually all such actions, 39 U.S.C. § 409(a)." (citations omitted)), cert. denied, 465 U.S. 1065 (1984).

The Federal Circuit, the court of appeals that probably spends the most time mastering the intricacies of jurisdiction under the Tucker Act, has noted the unusual position of the Postal Service in that "in contradistinction to other federal entities, [it] may sue and be sued on contract claims in courts other than the Court of Federal Claims."  Benderson Dev. Co. v. United States Postal Serv., 998 F.2d 959, 962 (Fed. Cir. 1993)

(citing Pearlstine v. United States, 469 F. Supp. 1044, 1046 (E.D. Pa. 1979)).  It concluded that the interaction between the Tucker Act and section 409(a) was such that if a "dispute between [plaintiff] and the Postal Service lies in contract, [then it should] be resolved by the district court in the exercise of its every-day jurisdiction over contract matters affecting the Postal Service."  Benderson Dev., 998 F.2d at 963.  Thus, we conclude that the Tucker Act does not deprive the district court of jurisdiction over suits against the Postal Service.[6]

---

[6].  In the course of the oral argument, the court sua sponte raised the possibility that the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601-13 (1988 & Supp. IV 1992), would bar the district court's jurisdiction.  Although we are free to reach subject matter jurisdiction issues, and indeed are obliged to, even if they were not considered by the district court, if it is clear that the court lacked jurisdiction, this is not such a case.  In the first place, the parties did not raise nor did they brief the applicability of the Contract Disputes Act.  Therefore, if the Service believes it appropriate, it is free to raise this issue in the district court, or, of course, that court may raise the issue sua sponte.

In the second place, the Contract Disputes Act's only express limitation on district court jurisdiction is effected by its amendment of the Little Tucker Act to withdraw the district court's concurrent jurisdiction over those contract claims for sums not exceeding $10,000 that would otherwise be subject to the CDA.  See 28 U.S.C. § 1346(a)(2).  Two circuits, after careful consideration, have held that where there is an independent basis for district court jurisdiction (as there is for claims against the Postal Service), both the Contract Disputes Act and the Tucker Act are irrelevant.  See In re Liberty Constr., 9 F.3d 800, 801-02 (9th Cir. 1993) (contract claims against the Small Business Administration "may be entertained by the district courts, regardless of the amount sought, so long as there exists a basis for jurisdiction independent of the Tucker Act"); Marine Coatings v. United States, 932 F.2d 1370, 1377 (11th Cir. 1991) (although the CDA waives sovereign immunity "there is no need to apply [the CDA] if another method of bringing suit is available"); North Side Lumber Co. v. Block, 753 F.2d 1482, 1486 (9th Cir.) ("Because the proviso [added by the CDA] is an

It follows that we must reverse the district court's Rule 12(b)(1) dismissal without precluding the Postal Service from either raising new Rule 12(b)(1) objections if appropriate on remand or proceeding to press its Rule 12(b)(6) motion. See Fed. R. Civ. P. 12(b)(6). We caution that our decision rests only on subject matter jurisdiction. We do not imply that we have found Licata's claim viable, or that we have rejected the Service's arguments that go to that issue.[7]

(..continued)
integral part of § 1346(a)(2), we conclude that it restricts only the jurisdiction that is granted in the first part of § 1346(a)(2)."), cert. denied, 474 U.S. 931 (1985); see also 2 Government Contracts, supra, § 8:226, at 153 (plaintiff may chose whether to file claim against Postal Service in district court or under the CDA). But see Hayes v. United States Postal Serv., 859 F.2d 354, 356 (5th Cir. 1988) (CDA prohibits any district court jurisdiction over contracts covered by the CDA); Jackson v. United States Postal Serv., 799 F.2d 1018, 1022 (5th Cir. 1986) (same). Indeed, in Hayes, 859 F.2d at 356-57, the Fifth Circuit held that the CDA applied to a suggestion program claim by a postal employee and thus that claim had to be pursued in the Claims Court (now the Court of Federal Claims). However, in a suit by the same postal employee, the Claims Court held that the suggestion program was not a "procurement of services" and therefore the CDA was inapplicable and there was no jurisdiction. See Hayes v. United States, 20 Cl. Ct. 150, 153 (1990), aff'd mem., 928 F.2d 411 (Fed. Cir. 1991). Of course, such a result would not follow were we to agree with the Ninth and Eleventh Circuits that the CDA is not exclusive.

[7]. The Postal Service urges us to affirm the district court, inter alia, because Licata's claim was an aspect of a collective-bargaining agreement and therefore the complaint failed to state a claim upon which relief could be granted. It appears that much of its argument rests on affidavits and exhibits introduced in the district court, as distinguished from the facts alleged in the complaint. This would necessarily require a summary judgment decision, something we are not prepared to rule on in the first instance.

III.

## CONCLUSION

For the foregoing reasons, we will reverse the order of the district court dismissing plaintiff's suit for lack of subject matter jurisdiction and remand for proceedings consistent with this opinion.