**Sharon Hill Chester PIKE, L.P.**

v.

**UNITED STATES POSTAL SERVICE.**

**Civ. A. No. 94–4152.**

United States District Court,
E.D. Pennsylvania.

May 24, 1995.

---

488

Michael Silberman, Philadelphia, PA, for plaintiff.

Nadine Overton, Asst. U.S. Atty., Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

## I. INTRODUCTION AND FACTS

Plaintiff brought the instant declaratory judgment action to ascertain its rights and liabilities under two leases for real property. The first lease was executed in 1962 between defendant and Sharon Hill Center, which is not a party to this suit. In April of 1992, the leased premises were sold at a tax sale to plaintiff. Mistakenly believing that this sale terminated defendant's lease, plaintiff and defendant entered into a second lease. A Delaware County court later determined that when plaintiff bought the property at the tax sale, it took title subject to defendant's lease. The underlying dispute involves three main questions: (i) what is the effect of the 1962 lease?; (ii) what is the effect of the 1992 lease?; and (iii) does defendant have any interest in the premises?

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction. It argues that the 1992 lease falls under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–13 (1988 & Supp. IV 1992), and, is therefore within the exclusive jurisdiction of the United States Court of Federal Claims.[1] Specifically, defendant refers to 41 U.S.C. § 609(a)(1) which states in part that, "a contractor may bring an action directly on the claim in the United States Court of Federal Claims." It argues further that although this court and the court of claims have concurrent jurisdiction over the 1962 lease, judicial efficiency mandates that both leases be considered as part of the same proceeding and, therefore, I should decline to adjudicate the question of whether the 1962 lease is still valid. For the reasons discussed below, I will deny defendant's motion.

## II. DISCUSSION

Plaintiff alleges in his complaint that 28 U.S.C. § 1339 and 39 U.S.C. § 409(a) confer subject matter jurisdiction on this court.

---

1. Under the provisions of the CDA, access to the federal courts is either by suit in the claims court or by a direct appeal to the Federal Circuit from a decision of the Postal Service Board of Contract Appeals. 41 U.S.C. § 609(a)(1). Although throughout this opinion I discuss whether the court of claims should hear this case, it may also be possible for the Postal Service Board of Contract Appeals to hear the matter.

## A. 28 U.S.C. § 1339

Section 1339 of 28 U.S.C. grants district courts jurisdiction over "any civil action *arising under any Act of Congress* relating to the postal service." 28 U.S.C. § 1339 (emphasis added). The instant case is a declaratory judgment action involving two leases for real property. Plaintiff's claim does not arise under a congressional enactment but instead involves the application of common law principles. Therefore, 28 U.S.C. § 1339 cannot be the basis for this court's jurisdiction over the instant subject matter. *See Prefab Prods. v. United States Postal Serv.*, 600 F.Supp. 89, 90 (S.D.Fla. 1984) (holding that § 1339 does not grant district court jurisdiction in contract action).

## B. 39 U.S.C. § 409(a)

Section 409(a) of 39 U.S.C. provides that district courts shall have original, but not exclusive jurisdiction over all actions brought by or against the Postal Service.[2] The Third Circuit has found that absent a statutory bar, § 409(a) provides district courts with an independent basis for subject matter jurisdiction—no other substantive legal framework is necessary to confer jurisdiction. *Licata v. United States Postal Serv.*, 33 F.3d 259, 263 (3d Cir.1994). The question, therefore, is whether § 609(a)(1) of the CDA is a "statutory bar" to § 409(a)'s independent jurisdictional grant. *Id.* at 262.[3] If the CDA is a statutory bar to § 409(a) jurisdiction, this court is not empowered to adjudicate questions arising out of the 1992 lease. If, on the other hand, the CDA presents no such bar, § 409(a) empowers this court to determine the viability of the 1992 lease.[4]

The Courts of Appeals for the Ninth and Eleventh Circuits have concluded that the CDA does not preempt district court jurisdiction over governmental contract cases provided that the plaintiff asserts a jurisdictional ground independent of the CDA. *See, e.g., Wright v. United States Postal Serv.*, 29 F.3d 1426, 1430 (9th Cir.1994) (holding that CDA did not preempt PRA's jurisdictional grant codified at 39 U.S.C. § 409(a)); *Marine Coatings v. United States*, 932 F.2d 1370, 1377 (11th Cir.1991) (holding that where Federal Tort Claim Act applies, CDA's jurisdictional limitation does not bar district court jurisdiction). These decisions hold that the CDA *does not* operate as a statutory bar to any other jurisdictional grant—e.g., 39 U.S.C. § 409(a). The courts reason that the CDA merely provides one, non-exclusive ave-

---

**2.** Jurisdiction is concurrent with both state courts and the court of claims. 39 U.S.C. § 409(a) (concurrent with states); *Butz Eng. Corp. v. United States*, 499 F.2d 619, 625, 204 Ct.Cl. 561 (1974) (concurrent with court of claims).

**3.** In *Licata*, the Third Circuit found that the Tucker Act, 28 U.S.C. § 1346 *et al.*, did not present a statutory bar to § 409(a) jurisdiction. 33 F.3d at 264. The court noted that the Tucker Act does not apply to cases where the Postal Service is sued in its own name and, therefore, it cannot bar jurisdiction over cases involving the Post Office where jurisdiction is predicated upon § 409(a). *Id.* at 263. The court left open the question of whether the CDA presents a bar to § 409(a) jurisdiction. *Id.* at 264 n. 6.

**4.** In its discussion of whether the CDA is a statutory bar to § 409(a) jurisdiction, defendant appears to argue that the CDA is a "statutory *scheme*" which limits § 401(1)'s withdrawal of Postal Service sovereign immunity. The issue of sovereign immunity, however, is distinct from whether the CDA is a "statutory *bar*" to § 409(a) jurisdiction. While the CDA may limit § 409(a)'s jurisdictional grant, it does *not* restore the sover-

eign immunity that § 401(1) withdrew. *See Franchise Tax Bd. v. United States Postal Serv.*, 467 U.S. 512, 520, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984) (when Congress permits agency to sue and be sued, "it cannot be lightly assumed that restrictions on that authority are to be implied"). Congress can limit district court jurisdiction over the Postal Service without restoring the service's sovereign immunity. The issue in the instant case is whether Congress divested the district courts of their § 409(a) jurisdiction in Postal Service contracts that fall under the CDA, leaving those cases to the court of claims. It is axiomatic that the CDA did not restore the Postal Service's sovereign immunity because either way that this case is resolved, a court will have jurisdiction over Postal Service contracts covered by the CDA. If the CDA had restored the Postal Service's sovereign immunity, the issue presented would be whether *any court* could adjudicate the instant dispute, not *which court*. Although the concepts of sovereign immunity and jurisdiction share some overlapping themes and values, the instant issue is jurisdictional. As noted by the Third Circuit, the issues of sovereign immunity and subject matter jurisdiction must not be conflated. *Licata*, 33 F.3d at 262.

nue to federal court jurisdiction. Thus, where an independent basis for district court jurisdiction over a contract covered by the CDA exists, the CDA's jurisdictional limitation is of no consequence.

I agree with these cases and find that the CDA does not bar § 409(a) jurisdiction. This conclusion follows from the CDA's language. The words on which defendant relies are found in section 609(a)(1) of Title 41 where it states in part that:

> ... in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, *a contractor may bring* an action directly on the claim in the United States Court of Federal Claims....

In some contexts it might be argued that when Congress said "a contractor *may* bring" it meant "a contractor *must* bring" its action before *either* the agency board[5] or the court of claims. That interpretation would be required to support defendant's position that the CDA is a statutory bar to § 409(a) jurisdiction. In the context of the CDA, however, no such interpretation is possible. The CDA plainly demonstrates that when Congress intended a provision to be mandatory it used the word "shall," and when it intended a provision to be permissive or discretionary it used the unmodified word "may."[6]

For example, one section of the CDA provides that "With respect to the Tennessee Valley Authority, the provisions of this chapter *shall* apply only to those contracts which contain a disputes clause." 41 U.S.C. § 602(b) (emphasis added). In another section, the CDA provides that a fraudulent contractor "*shall* be liable." *Id.* at § 604 (emphasis added). Indeed, in the very section that contains the language that defendant contends divests district courts of juris-

diction, Congress stated that, "Any action under paragraph (1) or (2) *shall* be filed ... and *shall* proceed de novo in accordance with the rules of the appropriate court." *Id.* at § 609(a)(3) (emphasis added).[7]

On the other hand, in drafting the CDA, Congress used the unmodified, permissive word "may" on a number of occasions to give the adjudicative body discretion. For example, Congress stated that a court "may remand," *id.* at § 609(c), or "may consolidate," *id.* at § 609(d), cases. In these instances, it is clear that Congress did not intend to command courts to remand or consolidate cases. Such a result would be absurd. Rather, it provided courts with the discretion to remand or consolidate cases by using the word "may." Common sense and the basic rules of statutory construction require that consistent interpretation follow from a consistent choice of words.

Viewing the overall language of the CDA through the lens of reason, it is clear that the word "may" in § 609(a)(1) is not a statutory bar to district court jurisdiction where an independent jurisdictional basis can be asserted. Congress did not suddenly forget how to compel a result when it came to draft § 609(a)(1). If it had intended the court of claims to be the exclusive court of jurisdiction, Congress would have used words like "shall" or "may only" as it did in other sections of the CDA where it wished to command a particular outcome.

Section 409(a) unambiguously bestows subject matter jurisdiction on the district court "over all actions brought by or against the Postal Service." If Congress had intended to alter this clear and unambiguous jurisdictional grant, the CDA would have contained equally clear and unambiguous language. Where the district courts have been explicitly

---

**5.** *See* 41 U.S.C. §§ 606, 607 (providing that instead of seeking review of the contracting officer's decision with the court of claims, contractor can seek review with agency board).

**6.** Congress used the language *"may only"* in another section where it intended to compel a result. *Id.* at § 609(a)(2) (emphasis added).

**7.** I note that the reference to the *"appropriate court"* in § 609(a)(3) suggests that a court other

than the court of claims might be able to adjudicate CDA contracts. If the only court of competent jurisdiction to hear CDA contracts is the court of claims, why in § 609(a)(3) did not Congress say something to the effect of, "proceed de novo in accordance with the rules of *the court?"* The word "appropriate" in § 609(a)(3) explicitly contemplates that more than one court might be able to hear the dispute.

given jurisdiction over particular subject matter, they should not lightly conclude that another statute bars that jurisdictional grant.

For these reasons, I find that the CDA does not bar § 409(a) jurisdiction. Thus, where a contract falls under both the CDA and the PRA, § 409(a) empowers district courts to hear disputes arising out of that contract. As there is subject matter jurisdiction over the 1992 lease, I need not consider whether the 1962 lease should be transferred to the court of claims. An appropriate order follows.

*ORDER*

AND NOW, this 24th day of May, 1995, it is hereby ordered that:

1. defendant's motion to dismiss is DENIED and defendant's motion to transfer to the United States Court of Federal Claims is DENIED;

2. defendant shall file its answer on or before June 13, 1995;

3. On or before July 7, 1995, Mr. Silberman will provide to Ms. Overton, with a copy to me, a proposed stipulation of facts. If there is no objection to these facts, he will file his motion for summary judgment on or before August 4. If the defendant contends that there is a material issue of fact, Ms. Overton will arrange for a telephone conference call on or before July 17. Unless I hear from counsel to the contrary, I will assume that there is no disagreement as to the material facts;

4. If counsel wish to meet to discuss settlement, they will contact me to arrange for a conference time.