

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2006

# Korelis v. State of NJ Judicial

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Korelis v. State of NJ Judicial" (2006). *2006 Decisions*. Paper 286.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/286

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-1575 and 05-4811

CONSTANTINE KORELIS,
                                                            Appellant

v.

STATE OF NEW JERSEY JUDICIAL
OFFICIALS IN COURT PROCESS ACTION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-02701)
District Judge:  Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: October 27, 2006)

OPINION

PER CURIAM,

        Appellant, Constantine Korelis, appeals from the District Court's order granting

appellees' motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  We

exercise plenary review over a District Court's order dismissing a complaint under either

Fed. R. Civ. P. 12(b)(1) or (6).  <u>See</u>, <u>e.g.</u>, <u>In re Kaiser Group Int'l Inc.</u>, 399 F.3d 558, 561

(3d Cir.2005); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 189 (3d Cir. 1996). In an appeal from an order granting a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "'we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the District Court.'" <u>Turicentro, S.A. v. Am. Airlines Inc.</u>, 303 F.3d 293, 300 (3d Cir.2002) (quoting <u>Licata v. U.S. Postal Serv.</u>, 33 F.3d 259, 260 (3d Cir.1994)). We will affirm a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if we can "say with assurance that under the allegations of the <u>pro se</u> complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>McDowell</u>, 88 F.3d at 189 (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)). For essentially the same reasons given by the District Court, we will affirm the District Court's order.

In June 2004, Korelis filed the underlying <u>pro se</u> complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey alleging that his due process rights were violated during state court civil proceedings. In a Memorandum Opinion and Order entered on January 21, 2005, the District Court granted the appellees' motion to dismiss the complaint, concluding, <u>inter alia</u>, that Korelis' claims were barred by the <u>Rooker-Feldman</u> doctrine.[1]

---

[1]The <u>Rooker-Feldman</u> doctrine embodies the principles set forth by the Supreme Court in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983): "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to

Based on our independent review of this matter, we must agree with the District Court's determination that Korelis' complaint is barred by the <u>Rooker-Feldman</u> doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284-85 (2005). Korelis is essentially attempting to challenge a 2002 state court decision granting summary judgment for Best Value Car Rental in a civil action he filed in the Superior Court of New Jersey, Bergen County. However, District Courts do not have jurisdiction over "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." <u>Feldman</u>, 460 U.S. at 486. <u>See also</u> <u>FOCUS v. Allegheny County Court of Common Pleas</u>, 75 F.3d 834, 840 (3d Cir. 1996) (explaining that under the <u>Rooker-Feldman</u> doctrine, lower federal courts cannot entertain constitutional claims that are inextricably intertwined with a state adjudication). Granting Korelis the requested relief would be the equivalent of allowing him to use the federal courts as a forum to appeal state court judgments. Thus, Korelis' complaint falls squarely within the <u>Rooker-Feldman</u> doctrine.

Accordingly, we will affirm the District Courts order dismissing Korelis' complaint. Korelis' motions to expand the record and file a supplemental appendix to

evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" <u>Marks v. Stinson</u>, 19 F.3d 873, 885 n.11 (3d Cir. 1994)(quoting <u>Port Auth. PBA v. Port Auth. of New York & New Jersey</u>, 973 F.2d 169, 177 (3d Cir. 1992)).

include a copy of transcripts from a proceeding conducted on October 31, 2005 in the Civil Court of the State of New York, Housing Court, are denied. All documents that were filed in the District Court and are needed to decide this appeal have been provided. Further, with respect to Korelis' motion seeking review of the Clerk's Orders dated May 9, May 23, and June 23, 2006, we find no reason to disturb the Clerk's Orders.