

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# Delaware County Safe v. Barbara Creighton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Delaware County Safe v. Barbara Creighton" (2008). *2008 Decisions*. Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4757

DELAWARE COUNTY SAFE DRINKING WATER COALITION, INC.,

Appellant

v.

JOHN HANGER*, THE PENNSYLVANIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION;
STEPHEN JOHNSON, ADMINISTRATOR UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY;
GARY D. CREIGHTON; BARBARA M. CREIGHTON

*(Amended Pursuant to the Clerk's Order of December 10, 2008)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civ. No. 07-cv-01782
District Judge: Hon. Gene E. K. Pratter

Submitted under Third Circuit LAR 34.1 (a)
on December 12, 2008

Before: McKEE, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed: December 29, 2008)

**ROTH**, Circuit Judge:

Delaware County Safe Drinking Water Coalition (Coalition) appeals from the District Court's dismissal of its claims for alleged violations of the Clean Water Act (CWA), the Administrative Procedure Act (APA), and the Civil Rights Act (§ 1983). We review Rule 12(b) dismissals *de novo*, accepting as true all of the allegations in the complaint. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994). We will affirm.

Because we write primarily for the parties, we only briefly recite the facts. The Creightons sought a Clean Water Act (CWA) section 402 National Pollutant Discharge Elimination System (NPDES) permit to cover runoff associated with proposed construction on their property. In response, the Coalition filed suit alleging that the Pennsylvania Department of Environmental Protection (PaDEP) and the Environmental Protection Agency (EPA) have failed to enforce the Clean Water Act's effluent limitation standards. The Coalition seeks to prevent the PaDEP from issuing the Creightons' permit, to suspend Pennsylvania's entire NPDES permit program, and to compel the EPA to issue performance standards for the construction industry. The Amended Complaint asserts that the Creightons' permit application is "pending."

On July 27, 2007, the District Court dismissed the claims against the Creightons and the PaDEP Secretary. As to the Creightons, the Court reasoned that, since the Amended Complaint does not allege that the PaDEP has issued a permit to the Creightons, the Coalition has not presented a ripe case or controversy against them. We agree. *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732–33 (1998) (case is not ripe "until an administrative decision has been formalized"). On appeal, the Coalition cites to *Susquehanna Valley Alliance v. Three Mile Island*, 619 F.2d 231 (3d Cir. 1980), as authority for the proposition that a permit need not have issued for a challenge to be ripe, but in that case, the complaint alleged that operators threatened construction without a permit. *See id.* at 236. No such allegation has been made here.[1]

As to the PaDEP Secretary, the District Court held that no private right of action exists under the CWA, the APA, or § 1983 on the facts alleged. We agree. This Court has held that "no federal right of action against [a state agency or its officials] was created by the [CWA]" for failure to enforce an effluent limitation standard. *Allegheny County Sanitary Auth. v. EPA*, 732 F.2d 1167, 1169–70, 1174–75 (3d Cir. 1984); *see also O'Leary v. Moyer's Landfill*, 523 F. Supp. 642, 648 (E.D. Pa. 1981) ("[T]he jurisdictional grant does not in terms create responsibility on the part of a regulatory agency . . . even

---

[1]On September 28, 2007, after notifying the District Court, the PaDEP issued the permit to the Creightons. Though the District Court had dismissed without prejudice and had not yet entered judgment, the Coalition did not seek to amend, and on appeal, we are stuck with "the allegations on the face of the complaint," *see Licata*, 33 F.3d 260.

where the agency decides against enforcement."). Further, the PaDEP is not an "agency" as defined by the APA. *See* 5 U.S.C. § 701(b)(1) (defining "agency" as an "authority of the Government of the United States"). Finally, the CWA's express enforcement provisions bar § 1983 relief for CWA violations. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981).[2]

On November 27, 2007, the District Court dismissed the claims against the EPA Administrator. The Coalition has since abandoned its APA and § 1983 claims. With respect to the CWA claims, we will affirm the dismissal. The Amended Complaint alleges that the EPA violated the CWA in five ways: (1) by failing to initiate an enforcement action against the PaDEP, (2) by failing to use its CWA section 404 powers to suspend or veto the Creightons' NPDES permit application, (3) by failing to withdraw Pennsylvania's NPDES program, (4) by failing to disapprove of Pennsylvania's listing of impaired waters, and (5) by failing to issue performance standards for the construction industry. The Coalition did not provide the required statutory notice with respect to the fourth and fifth claims, however, as its earlier letter to the EPA makes no mention of Pennsylvania's impaired waters listing or other decisions concerning the construction industry. These two claims must therefore be dismissed for lack of notice. *See Pub.*

---

[2]The Coalition argues that it has separate Fifth and Fourteenth Amendment takings claims that the District Court failed to adjudicate. The Amended Complaint does not obviously purport to state such a claim; in any event, the Takings Clause has never been invoked to compel the government to enforce statutory environmental standards.

4

*Interest Research Group of N.J., Inc. v. Hercules*, 50 F.3d 1239, 1248–49 (3d Cir. 1995).[3]

None of the three remaining CWA claims involve a non-discretionary duty, and, thus, they are not subject to suit under the CWA's citizen-suit provision. *See* 33 U.S.C. § 1365(a)(2) (citizen-plaintiff must identify "a failure of the Administrator to perform any act or duty under this chapter which is not discretionary"). First, the Supreme Court has held that enforcement decisions are presumptively "committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *see also Dist. of Columbia v. Schramm*, 631 F.2d 854, 860 (D.C. Cir. 1980) (EPA's decision not to review or veto state's action on NPDES permit application was discretionary). Second, CWA section 404 is inapplicable to the section 402 permit application mentioned in the Amended Complaint. *See* 33 U.S.C. § 1344(a)–(d). Finally, most courts have held that the CWA does not create a non-discretionary duty for the EPA to withdraw non-complying state NPDES programs, and contrary decisions have been widely criticized. *See, e.g., Amigos Bravos v. EPA*, 324 F.3d 1166, 1171 (10th Cir. 2003) (holding that CWA does not impose mandatory duty on the Administrator and expressly rejecting caselaw to the contrary); *Sierra Club v. EPA*, 377 F. Supp. 2d 1205, 1209 (N.D. Fla. 2005) ("[T]he better reasoned district court decisions . . . have held that [the CWA] does not impose on EPA a

---

[3]Without dealing with the lack of notice problem, the Coalition contends that *NRDC v. EPA*, 542 F.3d 1235 (9th Cir. 2008), mandates that we grant summary judgment in its favor and order the EPA to issue effluent limitation guidelines and new source performance standards for the construction industry. As stated above, that claim is not properly before this court.

mandatory duty to withdraw a state's NPDES authority.").

Accordingly, we will affirm the judgment of the District Court.