**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2858
_____

ASLAN T. SOOBZOKOV, NJ,

v.

ATTORNEY GENERAL OF THE UNITED STATES;
UNITED STATES ATTORNEY FOR NEW JERSEY;
DIRECTOR FEDERAL BUREAU OF INVESTIGATION;
MICHAEL B. WARD, SPECIAL AGENT IN CHARGE OF FEDERAL BUREAU OF
INVESTIGATION IN NEW JERSEY

Aslan T. Soobzokov,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-10-cv-06260)
District Judge: Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2013

Before: RENDELL, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: March 12, 2013)

_____

OPINION

_____

AMBRO, Circuit Judge

Aslan T. Soobzokov appeals the denial of his Petition for Writ of Mandamus in which he sought an order compelling the renewal of and an inquiry into the investigation of his father's murder. For the reasons that follow, we affirm the District Court's denial on the ground that it did not have jurisdiction to provide the mandamus relief sought.

I.

On August 15, 1985, the father of Appellant Aslan T. Soobzokov ("Soobzokov"), Tscherim Soobzokov ("Tscherim"), was the victim of a fatal bombing at their home in Paterson, New Jersey. Tscherim had been the target of a similar mail bombing in 1979 that was intercepted by the Paterson Police Department. About the time of the first attempted bombing, Tscherim was the subject of denaturalization and deportation proceedings due to suspicions he was a Nazi war criminal (the suspicions were ultimately resolved in Tscherim's favor). Both bombings were investigated by the Federal Bureau of Investigation ("FBI") and the United States Department of Justice ("DOJ"), but no arrests were made.

Dissatisfied with the results of the investigation into the 1985 bombing and under the impression it was closed, Soobzokov filed suit in November 2005 to compel the FBI and DOJ to reopen the investigation. *See Soobzokov v. Gonzales*, No. 05-5486. Soobzokov voluntarily dismissed that action after the FBI submitted an affidavit stating the investigation was active and ongoing. In response to a subsequent request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Soobzokov received a substantial number of documents from the FBI, Central Intelligence Agency, and National Archives

2

regarding the investigation. He alleges these documents indicated the FBI and DOJ had not been actively pursuing the investigation of his father's murder. Soobzokov further asserts the FBI provided the DOJ sufficient evidence to procure search warrants against three suspects in 1989, yet the DOJ had failed to do so at that time and had made no subsequent attempts to extradite those individuals, who by then were residing in Israel.

On the basis of these documents, Soobzokov instituted this action in the United States District Court for the District of New Jersey against Eric P. Holder, United States Attorney General; Paul Fishman, United States Attorney for the District of New Jersey; Robert S. Muller, III, Director of the FBI; and Michael B. Ward, FBI Supervisory Agent in Charge of Newark, New Jersey, in their official capacities (collectively "Appellees"). Soobzokov brought claims under 42 U.S.C. § 1983, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq.*, and for emotional distress. He also sought mandamus relief, pursuant to 28 U.S.C. § 1361, to compel Appellees to disclose the results of their investigation into his father's murder.

The District Court granted Appellees' motion to dismiss Soobzokov's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It dismissed Soobzokov's claims, ruling that: the doctrine of sovereign immunity precluded the § 1983 claims; the APA was inapplicable to a federal agency's investigation and prosecution of a crime; and relief for emotional distress was barred by the Federal Tort Claims Act. The District Court dismissed Soobzokov's petition under 28 U.S.C. § 1361 for lack of jurisdiction, concluding he was not entitled to mandamus relief because he had failed to show that Appellees committed a clear abuse of discretion or usurpation of judicial power.

3

II.

Soobzokov only appeals the denial of his Petition for a Writ of Mandamus.[1] He asserts that the District Court had the authority to order an inquiry into the DOJ's investigation and prosecution of his father's murder under 28 U.S.C. § 1361, and thus erred in concluding that it lacked jurisdiction to provide the mandamus relief sought.[2] Soobzokov argues mandamus is warranted based on his allegations that the DOJ failed to investigate vigorously Tscherim's murder due to its erroneous belief that he was a Nazi war criminal and that its wrongful attempt to prosecute Tscherim for those crimes led to his untimely death.

Under 28 U.S.C. § 1361, "[t]he district courts . . . have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has established that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (citing *Will v. United States*, 389 U.S. 90, 95 (1967); *Bankers Life &*

---

[1] We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291. Appellant has waived all of his claims aside from that for mandamus relief. *See Warren G. ex rel. Tom G. v. Cumberland Cnty. Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999).

[2] We review a district court's dismissal of a claim under Rule 12(b)(1) for lack of jurisdiction *de novo*. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 63 (3d Cir. 2008) (citing *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 273 (3d Cir. 1999)). In evaluating the propriety of the dismissal, "we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994) (citing *Haydo v. Amerikohl Mining Inc.*, 830 F.2d 494, 495–96 (3d Cir. 1987); *Cardio–Med. Assocs., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)).

*Cas. Co. v. Holland*, 346 U.S. 379, 382–85 (1953); *Ex parte Fahey*, 332 U.S. 258, 259 (1947)). For a court to have jurisdiction to grant mandamus relief, a petitioner must demonstrate (1) "a clear abuse of discretion or conduct amounting to usurpation of . . . power," (2) "that [he] lack[s] adequate alternative means to obtain the relief [sought]," and (3) "that [his] right to issuance of the writ is clear and indisputable." *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (internal citations and punctuation omitted).

The District Court properly concluded that Soobzokov had not established an abuse of discretion or usurpation of power on the part of Appellees for failing to arrest and prosecute the suspects he believes to be responsible for the murder of his father. "The Supreme Court has observed that the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). The prosecutorial discretion retained by the Attorney General and United States Attorneys to enforce the Nation's criminal laws is broad. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996).[3] And it is well established "that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the

---

[3] "[A]lthough prosecutorial discretion is broad, it is not 'unfettered. Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints.'" *Wayte v. United States*, 470 U.S. 598, 608 (1985) (alteration in original) (quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)). As noted by the District Court, however, Soobzokov does not allege that the DOJ based its decision not to prosecute on an arbitrary classification, a desire to chill the exercise of constitutional rights, or some other recognized constitutional violation.

existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (internal citations omitted); *see also Am. Disabled for Attendant Programs Today v. U.S. Dept. of Hous. & Urban Dev.*, 170 F.3d 381, 384 (3d Cir. 1999).

The allegations made by Soobzokov, taken as true, are insufficient to establish jurisdiction to provide the mandamus relief sought. In light of the substantial limitations on judicial review of non-constitutional challenges to prosecutorial decisionmaking, we cannot compel Appellees to disclose the results of their investigation into Tscherim's murder, nor order an independent inquiry into the allegedly compromised investigation. *See United States v. Abuhouran*, 161 F.3d 206, 216 (3d Cir. 1998). We empathize with Soobzokov's great frustration that those responsible for his father's murder have not been brought to justice. But we cannot conclude that he has established a clear and indisputable right to issuance of a mandamus writ. Thus, the District Court correctly concluded that it lacked jurisdiction to provide the relief sought.

\* \* \* \* \*

For the foregoing reasons, we affirm the District Court's denial of Soobzokov's Petition for a Writ of Mandamus.